IN THE UNITED STATES DISTRICT COURT FOR
                 THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                    *

FRANK ARMANNO,
                                    *

        Plaintiff,
                                    *

v.                                          CIVIL NO.: WDQ-05-2904
                                    *

PURICLE INCORPORATED and
WAL-MART STORES                     *

        Defendants.                 *

*       *       *       *       *       *       *       *       *       *       *       *       *

                          Memorandum Opinion

        Frank Armanno has sued Puricle Incorporated ("Puricle") and

Wal-Mart Stores ("Wal-Mart") for patent infringement.  Pending is

Puricle's motion to transfer venue to the Central District of

California, Southern Division, pursuant to 28 U.S.C. § 1406(a)

or, in the alternative, § 1404(a).  For the following reasons,

the motion will be granted.


I.  Background

        Frank Armanno, a Florida resident, is the owner of Patent

5,745,928 (the "928 Patent"), entitled "Toilet Bowl Dispensing

System."  Complaint, ¶ 3.  Armanno has sued alleging that

Defendants have infringed the 928 Patent by manufacturing and

selling a self-cleaning toilet system that is sold under the

product name "Never Scrub."

        Puricle is a small, family-run business headquartered in

                                    1

Irvine, California.  Def. Mot. to Transfer, p. 3.  Puricle developed Never Scrub and now manufactures and sells it through various retailers, including Wal-Mart.  *Id* at 3-4.  According to Puricle, it has never directly sold its product in Maryland.  *Id* at p. 4.

Wal-Mart is an Arkansas corporation that sells Never Scrub in Maryland.  Compl., ¶ 5, 9.  Puricle contends, however, that less than .004% of the total number of Never Scrub units sold have been sold in Maryland.  Def. Mot. to Transfer, p. 4.

Puricle has moved to transfer venue pursuant to 28 U.S.C. 1406(a) on the grounds that the Court lacks personal jurisdiction.  In the alternative, Puricle argues for transfer under 28 U.S.C. 1404(a) for the convenience of the parties.

II.  Analysis

A.  Transfer Under 28 U.S.C. § 1406(a)

Under § 1406(a), a district "shall dismiss, or if it be in the interest of justice, transfer" a case "laying venue in the wrong...district."  28 U.S.C. § 1406(a).  Lack of personal jurisdiction, therefore, justifies transfer pursuant to § 1406(a).

In a patent infringement case, Federal Circuit precedent governs the determination of personal jurisdiction.  *Hildebrand*

*v. Steck Manufacturing Co.,* 279 F.3d 1351 (Fed. Cir. 2002);
*Beverly Hills Fan Co. v. Royal Sovereign Corp.,* 21 F.3d 1558
(Fed. Cir. 1994); *Shamsuddin v. Vitamin Research Products,* 346
F.Supp.2d 804 (D.Md. 2004); *Zeneca Ltd. v. Mylan Pharmaceuticals,*
1996 WL 925640, slip op. (D.Md. 1996).  Under that precedent, the
Court may exercise personal jurisdiction if Maryland's long-arm
statute confers jurisdiction and if the exercise of jurisdiction
comports with the constitutional requirements of due process.
*Hildebrand,* 279 F.3d 1351; *Shamsuddin,* 346 F.Supp.2d 804; *Zeneca,*
1996 WL 925640.

Maryland's long-arm statute (Maryland Code Annotated, Courts
& Judicial Procedure § 6-103) permits the exercise of personal
jurisdiction to the limits set by the Due Process Clause.
*Carefirst of Maryland v. Carefirst Pregnancy Centers, Inc.,* 334
F.3d 390,396 (4th Cir. 2003); *Hill v. Brush Engineering*, 383
F.Supp.2d 814, 817 (D.Md. 2005); *Zeneca,* 1996 WL 925640.
Therefore, the determination of whether the Court can exercise
personal jurisdiction collapses into a single due process
inquiry.

According to the Supreme Court's decision in *International
Shoe v. Washington,* due process requires that a nonresident
defendant have such minimum contacts with the forum that
subjecting him to jurisdiction there does not offend "traditional
notions of fair play and substantial justice."  326 U.S. 310

3

(1945).  The nature and quality of the defendant's contacts must be such that "it could reasonably expect to be haled into court there." *Shamsuddin*, 346 F.Supp.2d at 807(*citing World-Wide Volkswagen v. Woodson,* 444 U.S. 286 (1980)).

The minimum contacts necessary to support jurisdiction depends on whether the plaintiff asserts general or specific personal jurisdiction over the defendant. *Shamsuddin,* 346 F.Supp.2d at 807*.* General jurisdiction may be asserted if the defendant maintains "continuous and systematic" contacts with the state. *Helicopteros Nacionales de Colombia., S.A., v. Hall*, 466 U.S. 408, 414-416 (1984).  Specific jurisdiction requires that the defendant "purposefully directed" its activities to residents of the forum and that the suit arises out of those activities. *Silent Drive Inc. v. Strong Industries Inc*. 326 F.3d 1194 (Fed. Cir. 2003).

Even if a defendant has no direct contact with the forum, the sale of a defendant's product by a distributor in the forum may constitute purposeful direction if the product enters through an "established distribution channel." *Beverly Hills Fan Co.,* 21 F.3d at 1556, n. 15; *James v. Victor Co. of Japan Ltd.*, 1998 WL 830556 (D.Md. 1998); *Zeneca,* 1996 WL 925640; *Amhil v. Wawa Inc.,* 1994 WL 750535 (D.Md. 1994).

Puricle sold Never Scrub to Wal-Mart which sold it in its Maryland stores.  Therefore, Never Scrub reached Maryland through

4

an established distribution channel.  Accordingly, Puricle has established minimum contacts with this District.

Given Wal-Mart's ubiquitous presence throughout the country, Puricle could reasonably expect its product to be sold in every state.  As a result, it does not offend traditional notions of fair play and substantial justice to require it to defend itself in this Court.  Accordingly, the Court can exercise personal jurisdiction over the Defendants and, therefore, Puricle's motion to transfer under § 1406(a) will be denied.


B.  Transfer Under 28 U.S.C. § 1404(a)

Under § 1404(a) a district court may transfer any civil action to any other district or division where it might have been brought "for the convenience of the parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).  The burden is on the moving party to show that transfer to another forum is proper. *Lynch v. Vanderhoeff Builders*, 237 F.Supp.2d 615 (D.Md. 2002). Unless the balance of factors "is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Collins v. Straight Inc.* 748 F.2d 916, 921 (4th Cir. 1984).

In deciding whether to grant a motion to transfer, courts are to consider: 1) the weight accorded the plaintiff's choice of venue; 2) witness convenience and access; 3) convenience of the

parties, and 4) the interest of justice.  *Lynch,* 237 F.Supp.2d
615.

1.  Plaintiff's Choice of Venue

In general, a plaintiff's choice of venue is "entitled to
substantial weight."  *Board of Trustees, Sheet Metal Workers*
*National Fund*, 702 F.Supp.1253, 1256 (E.D.Va. 1988).  That weight
is significantly lessened, however, when none of the conduct
complained of occurred in the forum selected by the Plaintiff and
the forum has no connection to the matter in controversy.  *Lynch,*
237 F.Supp.2d at 617; *Production Group Intern., Inc. v. Goldman,*
337 F.Supp.2d 788 (E.D.Va. 2004).  In a patent infringement
action, "the preferred forum is that which is the center of the
accused activity" and "the trier of fact ought to be as close as
possible to the milieu of the infringing device and the hub of
activity centered around its production."  *GTE Wireless, Inc. v.*
*Qualcomm, Inc.,* 71 F.Supp.2d 517 (E.D.Va. 1999)(*citing Santrade*
*Ltd. v. Berndorf ICB International Conveyor Belts, Inc.*, 1992 WL
470482, slip op. (D.S.C.1992)).

Puricle is headquartered in California and developed and
manufactures Never Scrub in California.  Although Never Scrub has
been sold in Maryland, it is sold nationwide and, according to
Puricle, only a small percentage of its total sales were made in
Maryland.  Therefore, as Maryland's connection to the matter in

6

controversy is limited, Armanno's choice of forum is accorded
limited consideration.


2.   Witness Convenience

As noted above, Puricle's products are developed, tested and
manufactured in California.  Sim Decl., ¶ 2.  The company's books
and records are located in California and its eight employees all
work in California.  Id at ¶ 2,10.  Jae Kim, Puricle's founder,
and the developer of the Never Scrub product, works in California
and has averred that Puricle's operations will have to be "shut
down" if he has to travel to Maryland to testify.  *Id* at ¶ 13.

Armanno argues in response that "with all probability" his
experts will be located "within 100 miles of the Baltimore
Courthouse."  Plaint. Resp., p. 7.  However, Armanno has not
identified his witnesses or argued that experts could not be
found in the Central District of California.  Accordingly, this
factor favors transfer.


3.   Convenience of the Parties

Armanno argues that his lawyer is in Maryland and he will
have to hire local counsel to bring his claim in California.
Armanno also argues that he will be inconvenienced by having to
travel a greater distance if this action is transferred.

The location of counsel, however, is not a factor to be

7

assessed in determining whether to transfer a case under §
1404(a), *Union of Orthodox Jewish Congregations of America v.
Brach's*, 2005 WL 1115222, slip op. (D.Md. 2005)(*citing In re
Volkswagen AG,* 371 F.3d 201, 206 (5th Cir. 2004), and Armanno, as
a Florida resident, will be forced to travel a significant
distance regardless of whether venue is transferred.

In contrast, as noted above, Puricle's employees and its
books and records are located in California.  As well, Jae Kim
has averred that defending this action in Maryland will impose a
severe hardship on the company.  Accordingly, this factor favors
transfer.


4.  The Interests of Justice

Consideration of the interests of justice "is intended to
encompass all those factors bearing on transfer that are
unrelated to convenience of witnesses and parties." *Board of
Trustees, Sheet Metal Workers Nat. Fund v. Baylor Heating & Air
Conditioning, Inc.*, 702 F.Supp. 1253, 1260 (E.D.Va. 1988).  Such
factors include, *inter alia,* the court's familiarity with the
applicable law, docket conditions, access to premises that might
have to be viewed, the possibility of an unfair trial, and the
possibility of harassment.  *Id.*

Although any premises that may have to be viewed (i.e.

Puricle's headquarters) are in California, there are no allegations that either district: 1) poses a danger of an unfair trial; 2) has an excessively crowded docket; 3) or is unfamiliar with federal patent law.  Accordingly, this factor is neutral.


5.  Conclusion

    As the convenience of the parties and witness outweighs the Plaintiff's choice of forum, the Court will transfer this action pursuant to § 1404(a).


June 1, 2006                                 /s/
Date                          William D. Quarles, Jr.
                              United States District Judge